## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ASTRAZENECA AB and ASTRAZENECA PHARMACEUTICALS LP, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. _____ |
| v. | ) ) | |
| USV PRIVATE LTD. and USV NORTH AMERICA, INC. | ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AstraZeneca AB and AstraZeneca Pharmaceuticals LP (collectively "AstraZeneca" or "Plaintiffs"), by its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendants USV Private Ltd. ("USV India") and USV North America, Inc. ("USV USA") (collectively, "USV" or "Defendant"). This action relates to Abbreviated New Drug Application ("ANDA") No. 217218 ("ticagrelor ANDA") filed by USV India with the U.S. Food and Drug Administration ("FDA") for approval to market generic versions of AstraZeneca's BRILINTA® (ticagrelor) drug product prior to expiration of AstraZeneca's U.S. Patent No. 10,300,065 ("the '065 patent"), that is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for BRILINTA®.

ME1 41302433v.1

**PARTIES**

2.      AstraZeneca is engaged in the business of creating, developing, and bringing to market revolutionary biopharmaceutical products to help patients prevail against serious diseases, including treatments for cardiovascular diseases.

3.      Plaintiff AstraZeneca AB is a company operating and existing under the laws of Sweden, with its principal place of business at SE-151 85 Södertälje, Sweden.  AstraZeneca AB is the owner of the '065 patent.

4.      Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at One MedImmune Way, Gaithersburg, Maryland 20878.  AstraZeneca Pharmaceuticals LP is the holder of New Drug Application ("NDA") No. 022433 for BRILINTA® (ticagrelor). AstraZeneca Pharmaceuticals LP markets and sells BRILINTA® in this judicial district and throughout the United States. Defendant specifically directed a letter dated May 18, 2022 with the heading "Re: Notification of Certification of Invalidity, Unenforceability and/or Non-Infringement for U.S. Patent [No.] 10,300,065 Pursuant to Section 505(j)(2)(B)(iv) of the Federal Food Drug, and Cosmetic Act" ("Notice Letter") to AstraZeneca Pharmaceuticals LP.

5.      On information and belief, USV India is a corporation organized and existing under the laws of India, having a principal place of business at Arvind Vithal Gandhi Chowk, B.S.D. Marg, Station Road, Govandi East, Mumbai 400 088, India. On information and belief, USV India, itself and through its affiliates and subsidiaries, including USV USA, formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

ME1 41302433v.1

6. On information and belief, USV USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 641 Lexington Avenue, 14th Floor, New York, New York 10022. On information and belief, USV USA is a wholly-owned subsidiary and U.S. agent of USV India.

7. On information and belief, USV USA is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

8. On information and belief, USV USA is qualified to do business in Delaware and appointed a registered agent for service of process, by filing with the Secretary of State on February 14, 2005 pursuant to sections 371 and 376 of title 8 of the Delaware Code: (1) a certificate of incorporation as a domestic corporation, under file number 3925850; and (2) a statement naming Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808, as its registered agent to accept service of process in the State of Delaware.

9. On information and belief, Defendant developed the proposed generic product that is the subject of the ticagrelor ANDA to seek regulatory approval from FDA to market and sell the proposed ANDA product throughout the United States, including within Delaware.

10. On information and belief, and consistent with its practice with respect to other generic products, following FDA approval of the ticagrelor ANDA, Defendant will distribute and sell the generic product described in the ticagrelor ANDA throughout the United States and within Delaware.

## JURISDICTION AND VENUE

11. Each of the preceding paragraphs 1 to 10 is re-alleged and re-incorporated as if fully set forth herein.

- 3 –

12.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

14.     On information and belief, venue is proper in the District of Delaware for USV India because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes.  28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

15.     On information and belief, venue is proper in the District of Delaware for USV USA because it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

16.     USV India is subject to specific personal jurisdiction in this District based on the filing of its ticagrelor ANDA with a Paragraph IV certification regarding the '065 patent.  *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 762-63 (Fed. Cir. 2016).

17.     As in *Acorda*, USV India "has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at," on information and belief, this District and elsewhere. *Acorda Therapeutics*, 817 F.3d at 759.

- 4 –

ME1 41302433v.1

18.     USV India's "ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs." *Acorda Therapeutics*, 817 F.3d at 760.

19.     As in *Acorda*, on information and belief USV India, alone and/or in concert with its agent, USV USA, "intends to direct sales of its drugs" into this District, among other places, "once it has the requested FDA approval to market them." *Acorda Therapeutics*, 817 F.3d at 758.

20.     On information and belief, USV India, alone and/or in concert with its agent, USV USA, will engage in marketing of its proposed ticagrelor ANDA product in Delaware, upon approval of its ticagrelor ANDA.

21.     USV India's ANDA filing, including its Paragraph IV certifications regarding the '065 patent is at issue here, is suit-related and has a substantial connection with this District because it reliably, non-speculatively predicts activities in this District by Defendant.

22.     "[T]he minimum-contacts standard is satisfied by the particular actions [Defendant] has already taken—its ANDA filing[]—for the purpose of engaging in that injury-causing and allegedly wrongful marketing conduct" in this District.  *Acorda Therapeutics*, 817 F.3d at 760.

23.     On information and belief, USV India and USV USA hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products.

24.     On information and belief, USV India and USV USA work in concert with each other with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products in the District of Delaware and throughout the United States.

25.     On information and belief, USV India and USV USA acted in concert to develop the proposed generic product that is the subject of the ticagrelor ANDA to seek regulatory

- 5 –

approval from FDA to market and sell the proposed ANDA product in the District of Delaware and throughout the United States.

26.    On information and belief, USV India and USV USA work in concert with each other with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products in the District of Delaware and throughout the United States.

27.    In the Notice Letter, Defendant notified AstraZeneca Pharmaceuticals LP that it had submitted its ticagrelor ANDA to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter states that USV "hereby provides notice of the following information to AstraZeneca Pharmaceuticals LP." The Notice Letter was sent by USV to AstraZeneca Pharmaceuticals LP in the United States, specifically in this District.

28.    On information and belief, the preparation and submission of the ticagrelor ANDA by USV India was done at the direction, under the control, in concert with, and/or for the direct benefit of USV USA.

29.    Further, on information and belief, USV India and USV USA will manufacture, market, and/or sell within the United States the generic product described in the ticagrelor ANDA if FDA approval is granted.  If the ticagrelor ANDA is approved, on information and belief the generic product would, among other things, be marketed and distributed in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

30.    Furthermore, USV India and USV USA have both previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and/or have availed

- 6 –

themselves of Delaware courts through the assertion of counterclaims. *See, e.g.*, *Amgen Inc. et al. v. USV Private Ltd.*, C.A. No. 1:22-cv-00387-MN; *Astellas US LLC et al. v. USV Private Ltd.,* 1:20-cv-00793-CFC.

31.     This Court also has personal jurisdiction over USV India and USV USA because, *inter alia*, USV India and USV USA have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware.  On information and belief, USV India and USV USA regularly and continuously transact business within the state of Delaware, including by selling pharmaceutical products in Delaware, directly and/or through affiliates, and/or by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware.  On information and belief, USV India and USV USA derive substantial revenue from the sale of those products in Delaware and have availed themselves of the privilege of conducting business within the State of Delaware.

32.     For example, on information and belief, on February 14, 2005, USV USA was incorporated in the State of Delaware as a "domestic" corporation under file number 3925850.

33.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over USV India and USV USA.

**PATENTS-IN-SUIT**

34.     On May 28, 2019, the U.S. Patent and Trademark Office duly and legally issued the '065 patent, entitled "Method of treating or prevention of atherothrombotic events in patients with history of myocardial infarction."  A true and correct copy of the '065 patent is attached hereto as **Exhibit A**. The claims of the '065 patent are valid and enforceable. AstraZeneca AB is the owner of the '065 patent by assignment and has the right to enforce it.

- 7 –

35.     AstraZeneca Pharmaceuticals LP is the holder of NDA No. 022433 by which FDA granted approval for the marketing and sale of ticagrelor tablets in 90 mg and 60 mg dosage strengths, to reduce the rate of cardiovascular death, myocardial infarction, and stroke in patients with acute coronary syndrome (ACS) or a history of myocardial infarction (MI), to reduce the risk of stent thrombosis in patients who have been stented for treatment of ACS, and to reduce the risk of a first MI or stroke in patients with coronary artery disease (CAD) at high risk for such events.  AstraZeneca markets ticagrelor tablets in the United States, through AstraZeneca Pharmaceuticals LP, under the trade name "BRILINTA®."  FDA's official publication of approved drugs, the Orange Book, includes BRILINTA® in 90 mg and 60 mg dosage strengths together with Orange Book-listed patents protecting BRILINTA® and its use, including the '065 patent.

## INFRINGEMENT BY DEFENDANT

36.     Each of the preceding paragraphs 1 to 35 is re-alleged and re-incorporated as if fully set forth herein.

37.     In the Notice Letter, USV notified AstraZeneca Pharmaceuticals LP that USV India had submitted its ticagrelor ANDA to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).

38.     The Notice Letter states that USV is seeking approval from FDA to engage in the commercial manufacture, use, and sale of generic ticagrelor tablets before the expiration of, *inter alia*, the '065 patent.  On information and belief, USV intends to engage in the commercial manufacture, use, and sale of its generic ticagrelor tablets after receiving FDA approval to do so.

ME1 41302433v.1

39.    In the Notice Letter, USV notified AstraZeneca that its ANDA contained a "Paragraph IV certification" asserting that the '065 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of USV's generic ticagrelor tablets.

40.    This Complaint is being filed before the expiration of the forty-five days from the date AstraZeneca received the Notice Letter.

## COUNT I (INFRINGEMENT OF THE '065 PATENT)

41.    Each of the preceding paragraphs 1 to 40 is re-alleged and re-incorporated as if fully set forth herein.

42.    Defendant's submission of its ticagrelor ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic ticagrelor tablets prior to the expiration of the '065 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

43.    On information and belief, upon FDA approval of Defendant's ticagrelor ANDA, Defendant will further infringe at least claim 1 of the '065 patent by making, using, offering to sell, and selling its generic ticagrelor tablets in the United States and/or importing such tablets into the United States in violation of 35 U.S.C. §§ 271(a), 271(b), and/or 271(c) unless enjoined by the Court.

44.    On information and belief, the label for Defendant's generic ticagrelor tablets will be identical to AstraZeneca's label for BRILINTA®, including BRILINTA®'s FDA-approved indication for "reduc[ing] the risk of cardiovascular (CV) death, myocardial infarction (MI), and stroke in patients with acute coronary syndrome (ACS) or a history of MI." This indication is covered by at least claim 1 of the '065 patent. Accordingly, if approved and not enjoined, Defendant will infringe at least claim 1 of the '065 patent under 35 U.S.C. §§ 271(a), 271(b), and/or 271(c).

- 9 –

45.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that notice letters pursuant to paragraph (iv) "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."

46.     Defendant, in its Notice Letter, provides no factual basis for contending that its ticagrelor ANDA product will not infringe the claims of the '065 patent under 35 U.S.C. §§ 271(a), 271(b), or 271(c), and does not deny that its ticagrelor ANDA product will infringe claims of the '065 patent under 35 U.S.C. §§ 271(a), 271(b), or 271(c).  21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that notice letters

47.     If Defendant's marketing and sale of generic ticagrelor tablets prior to expiration of the '065 patent and all other relevant exclusivities is not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, AstraZeneca respectfully prays that this Court grant the following relief:

1.     A judgment that the claims of the '065 patent are not invalid, not unenforceable, and are infringed by Defendant's submission of its ticagrelor ANDA, and that Defendant's making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic ticagrelor tablets will infringe the '065 patent.

2.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Defendant's ticagrelor ANDA shall be a date which is not earlier than the latest expiration date of the '065 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

3.     An order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from

- 10 –

making, using, offering to sell, or selling in the United States, or importing into the United States Defendant's generic ticagrelor tablets until after the latest expiration date of '065 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

4.     Damages or other monetary relief to AstraZeneca if Defendant engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Defendant's generic ticagrelor tablets prior to the latest expiration date of the '065 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled.

5.     Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

ME1 41302433v.1

DATED: July 1, 2022

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)
Charles.Lipsey@finnegan.com
oquinnr@finnegan.com

*Attorneys for Plaintiffs AstraZeneca AB and
AstraZeneca Pharmaceuticals LP*

Mark J. Feldstein
Jill K. MacAlpine
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
Mark.Feldstein@finnegan.com
Jill.MacAlpine@finnegan.com

- 12 –

ME1 41302433v.1